UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **SARAH H. SMITH** | **CIVIL ACTION 08-CV-1383** |
| **VERSUS** | **JUDGE MAURICE S. HICKS** |
| **ALL GREEN CORP.** <br> **D/B/A GREEN COUNTRY** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is Defendant All Green Corp.'s ("Green") *Motion to Dismiss Based on Plaintiff's Failure to Effect Service within 120 Days Under Rule 4(M)*. For the reasons which follow, the Defendant's Motion is **DENIED**.

## BACKGROUND

The Plaintiff, Sarah H. Smith ("Smith") was terminated from her position with Green in November of 2006. On September 18th, 2008, Smith filed a complaint, after receiving a right to sue letter from the EEOC, alleging violations of the Americans with Disabilities Act (ADA) and Age Discrimination among others. Smith attempted to serve Green by mail using an address provided by the Secretary of State on September 24, 2008. The letter was returned as "Attempted Not Known." Green had not updated the corporate address with the Secretary of State. Smith again tried to serve Green by mail using another address and agent name on November 17, 2008. This letter was shown received but no reply came from Green regarding the letter. Two months later, Smith tried to serve Green, through its agent, on February 9, 2009. Finally, on February 23,

2009, Smith perfected service through personally serving Green through its agent.

The gap of time between the filing of the complaint on September 18th and the service of process on February 23, 2009, is 158 days. Because the 158 days is more than that countenanced by the Federal Rules of Civil Procedure, Defendant now asks the Court to dismiss Plaintiff's complaint without prejudice. It is not disputed that to so dismiss would result in the Plaintiff not being able to prosecute her claims due to the expiration of the relevant statute of limitations.

## LAW AND ANALYSIS

Rule of Civil Procedure 4(m) sets very specific deadlines for service of a defendant after a complaint is filed.

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). The Fifth Circuit has interpreted Rule 4(m) as allowing a district court to extend the time for service even when a plaintiff fails to show good cause. Thompson v. Brown, 92 F.3d 20, 21 (5th Cir. 1996). If good cause exists, then the district court must extend the time for service. If good cause does not exist, the court may extend the time for service. Id. "A discretionary extension may be warranted . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Milan v. USAA General Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008). If the applicable statute of limitations likely bars future litigation, the dismissal of claims under Rule 4(m) "should be reviewed under the same heightened standard used to review a dismissal with prejudice." Id. A

district court's "dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." Id. (internal citations and quotation marks omitted). Usually, a court will not dismiss in these circumstances unless (1) the delay was caused by the plaintiff himself and not his attorney, (2) actual prejudice will result to the defendant, or (3) the delay was caused by the intentional conduct of the plaintiff.

Here, even assuming that the reliance on the address provided by Green to the Secretary of State was not good cause under Rule 4(m), this Court will not dismiss the action based on the lapse of the time for service due to the fact that the applicable statute of limitations likely bars future litigation. There is no indication that the plaintiff attempted to delay service or acted willfully to defy the Court's orders or rules. Indeed, plaintiff attempted service more than three times in the 120 days and succeeded soon after the 120 days had lapsed. Further, none of the three aggravating factors exist in this case. There is no substantive prejudice to the defendant, the delay was not intentionally caused, and there is no indication that the plaintiff, herself, caused the delay. Therefore, it is well within this Court's discretion to excuse the delay in service.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**.

This done and signed this 4th day of January, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE